UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION


THOMAS GREGORY HOLMES,

      Petitioner,

v.                                            Case No. 6:13-cv-388-Orl-36KRS

SECRETARY, DEPARTMENT
 OF CORRECTIONS,

      Respondents.

_____/

## <u>ORDER</u>

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1). Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted. Thereafter, Respondents filed a response to the petition for writ of habeas corpus in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 12). Petitioner filed a reply (Doc. No. 17) to the response.

Petitioner alleges three claims for relief in his habeas petition: (1) the trial court erred in denying his motion for a judgment of acquittal; (2) a jury instruction violated his due process rights; and (3) the information was defective.

## I.   *Procedural History*

The State charged Petitioner by information with one count of robbery with a deadly weapon, one count of aggravated battery, and one count of battery.  A jury found Petitioner guilty of aggravated battery and not guilty as to the other counts.  The trial court adjudicated Petitioner guilty of aggravated battery and sentenced him, as a prison release reoffender and a habitual felony offender, to imprisonment for a term of fifteen years.  Petitioner filed a direct appeal with the Florida Fifth District Court of Appeal, which affirmed *per curiam*.

Petitioner next filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850, which the trial court denied.  Petitioner appealed the denial, and the state appellate court affirmed the denial *per curiam*.

## II.   *Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")*

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

(1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Secretary for Dep't. of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005).  The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts.  Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable."[1]  *Id.*

---

[1]In considering the "unreasonable application" inquiry, the Court must determine "whether the state court's application of clearly established federal law was objectively unreasonable." *Williams*, 529 U.S. at 409. Whether a state court's decision was an unreasonable application of law must be assessed in light of the record before the state court.  *Holland v. Jackson*, 542 U.S. 649, 652 (2004) (*per curiam*); *cf. Bell v. Cone*, 535 U.S. 685, 697 n. 4 (2002) (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law).

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

### III. *Analysis*

### A. *Claim One*

Petitioner contends that the trial court erred in denying his motion for a judgment of acquittal. In particular, he states that the evidence was insufficient to establish that he acted as a principal or an aider or abettor. This claim was raised in Petitioner's direct appeal.

The victim testified at trial that he was attacked by Petitioner and another individual. Petitioner threw the victim to the ground and held him down while the co-perpetrator hit the victim on the head with a baseball bat. Petitioner testified that two other individuals, who were with him, tackled the victim and that one of them hit the victim with a bat. According to Petitioner, he never hit the victim and actually helped the victim by telling the person with the bat to stop hitting the victim.

On federal habeas review, the question for the Court concerning the sufficiency of evidence in a state court proceeding is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the

essential elements of the crime beyond a reasonable doubt.  *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original).  For a judgment of acquittal to be properly denied, it is not necessary that all facts favor the prosecution.  *See Cosby v. Jones*, 682 F.2d 1373, 1383 n. 21 (11th Cir. 1982) (finding that "[t]he simple fact that the evidence gives some support to the defendant does not demand acquittal.").

The Court concludes that the evidence, when viewed in a light most favorable to the State and after resolving all conflicts in favor of the prosecution, mandates the denial of Petitioner's claim.  *See Machin v. Wainwright*, 758 F.2d 1431, 1435 (11th Cir. 1991) (the federal habeas court must presume that conflicting inferences to be drawn from the evidence were resolved by the trier of fact in favor of the prosecution).  There was sufficient evidence to convict Petitioner of aggravated battery, and the trial court did not violate Petitioner's constitutional rights by denying his motion for a judgment of acquittal.  As such, Petitioner has failed to demonstrate that the state court's decision rejecting his claim was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. Applying the AEDPA's deferential standard, the Court rejects this claim.

**B.**     ***Claim Two***

Petitioner argues that the jury instruction on principals violated his due process rights because he was not charged as a principal in the information.

This claim was raised in Petitioner's direct appeal, but he did not present the claim in terms of a deprivation of a federal constitutional right.  Generally, a "federal

court may not grant habeas corpus relief to a state prisoner who has not exhausted his available state remedies." *Snowden v. Singletary*, 135 F.3d 732, 735 (11th Cir. 1998). The exhaustion of state remedies requires that petitioners "fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (citation omitted) (quotations omitted). Hence, "[i]f state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." *Id*. at 365-66; *see also Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (holding that "the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim."); *Snowden*, 135 F.3d at 735 (holding that "to exhaust state remedies fully the petitioner must make the state court aware that the claims asserted present federal constitutional issues.").

When a petitioner fails to exhaust a claim in state court, and "it is clear from state law that any future attempts at exhaustion would be futile, "that claim may be treated as being procedurally defaulted." *Bailey v. Nagle*, 172 F.3d 1299, 1305 (11th Cir. 1999). A petitioner can "escape the procedural default doctrine either through showing cause of the default and prejudice . . . or establishing a `fundamental miscarriage of justice.'" *Id*. at 1306. To overcome procedural default through a fundamental miscarriage of justice, the petitioner must make "a colorable showing of actual innocence." *Id*.

6

Petitioner has not shown either cause or prejudice that would excuse the default. Likewise, Petitioner has neither alleged nor shown the applicability of the actual innocence exception. The entire record has been reviewed, and the Court concludes that Petitioner is unable to satisfy either of the exceptions to the procedural default bar. Therefore, this claim is procedurally barred and must be denied.[2]

## C.   Claim Three

Petitioner states that the information was defective because it failed to reference the principal statute. This claim was raised in Petitioner's direct appeal.

"The sufficiency of a state indictment or information is not properly the subject of federal habeas corpus relief unless the indictment or information is so deficient that the convicting court is deprived of jurisdiction." *DeBenedictis v. Wainwright*, 674 F.2d 841, 842 (11th Cir. 1982). Under Florida law, "a person is a principal in the first degree whether he actually commits the crime or merely aids, abets or procures its commission, and it is immaterial whether the indictment or information alleges that the defendant committed the crime or was merely aiding or abetting in its commission, so long as the proof establishes that he was guilty of one of the acts denounced by the statute." *State v. Roby*, 246 So. 2d 566, 571 (Fla. 1971). Here, the information provided Petitioner with sufficient notice of the charge lodged against him so as to allow preparation of an

---

[2]This claim was also raised in Petitioner's Rule 3.850 motion and was denied as procedurally barred.

adequate defense.  Under the circumstances, Petitioner has failed to demonstrate that the information was so deficient that the trial court was deprived of jurisdiction.

Consequently, Petitioner has not shown that the state court's denial of this claim was contrary to, or involved an unreasonable application of, clearly established federal law or was based on an unreasonable determination of the facts in light of the evidence. As a result, Petitioner is not entitled to federal habeas relief on this claim.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1.      The Petition for Writ of Habeas Corpus (Doc. No. 1) filed by Thomas Gregory Holmes is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2.      The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

3.      This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Petitioner has failed to make a substantial showing of the denial of a

constitutional right.[3]  Accordingly, a Certificate of Appealability is **DENIED** in this case.

**DONE AND ORDERED** in Chambers in Orlando, Florida, this 27th day of June, 2014.

Charlene Edwards Honeywell
United States District Judge

Copies to:
OrlP-2 6/27
Thomas Gregory Holmes
Counsel of Record

---

[3]Pursuant to Rule 11 of the *Rules Governing Section 2254 Cases In the United States District Courts*,

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue.  If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2).  If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.  A motion to reconsider a denial does not extend the time to appeal.